{¶ 1} Although I am aligned with both the majority's legal analysis and conclusion in this case, I do not feel the procedural facts are as clear as the majority seems to suggest. More specifically, I do not believe it is clear that the Appellant was given the requisite hearing regarding her motion to withdraw her plea. Instead I would find it was possible she was afforded a hearing as described by Peterseim. Since Appellant has failed to provide us with a record sufficient to review the final three factors of Peterseim, we must presume the trial court complied with those factors and did not abuse its discretion when it denied Appellant's motion to withdraw her no contest plea.
 {¶ 2} It appears from the partial record before us, specifically the transcript of proceedings conducted before the trial court on August 8, 2001, that Appellant's change of plea from not guilty to no contest, and her immediate oral motion to withdraw the no contest plea were the subject of two separate hearings before the trial court. The matter had originally been set for a pretrial on August 6, 2001 at which Appellant's counsel of record and the prosecutor were going to present a Crim. R. 11 agreement. However, the only information on the record with regard to that agreement is the following, from the August 8, 2001 hearing:
 {¶ 3} "MR. BENJAMIN JOLTIN: Your Honor, this matter was set for pretrial. A Rule 11 agreement was entered into in which the defendant withdrew her previous plea of not guilty and pled no contest to the charge of speeding. There is a recommendation." (August 8, 2001 Sentencing Hearing Transcript, p. 2).
 {¶ 4} At that point the trial court interrupted the prosecutor as detailed in the majority opinion. We can glean from the record that before Appellant's case was called on August 6, 2001, her counsel of record, Attorney Ritchie, had to leave, and Attorney Limbian appeared with Appellant as substitute counsel. But when the trial court apparently disagreed with whatever the recommendation was with regard to a sentence, and indicated it would order a pre-sentence investigation and set the matter for sentencing, Attorney Limbian then moved to withdraw Appellant's no contest plea, and the trial court continued the matter so Attorney Ritchie could appear.
 {¶ 5} Nowhere in the record does it appear as to what the terms of the agreement were with regard to the sentence, whether the trial court engaged in a full Crim.R.11 colloquy with Appellant, and whether the trial court conducted a hearing on Attorney Limbian's motion to withdraw Appellant's plea on August 6, 2001. What we do know from the record before us is that on August 8, 2001, the trial court stated that it had reviewed the record. This contemplates something did transpire on August 6, 2001, but absent a transcript of those proceedings, we can only say for certain that the first factor of Peterseim was present, namely that Appellant was represented by counsel at the time she entered her plea.
 {¶ 6} I concur with the majority in that we are handicapped in reviewing the Appellant's assignment of error due to the state of the record. However, I would not go so far as to say that she was in fact given a full and fair hearing dealing with the motion to withdraw her plea. There simply is no evidence that any hearing was actually held. Thus, I cannot conclude that Peterseim factors three and four have clearly been satisfied in favor of the trial court's decision. This court can only speculate as to the significance of the trial court's statement regarding its "review" of the "record". Because that statement is subject to various interpretations, one of which being the majority's, I must conclude that a hearing could have very well taken place. Since we must presume the validity of the trial court's proceedings in the absence of a complete record, I concur with the majority.